1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| CARLOS PENAFIEL-FALCON, | CASE NO. 06cv1770-LAB (RBB) |
| Petitioner, | **ORDER DENYING PETITION**<br>**FOR HABEAS CORPUS RELIEF** |
| vs. | |
| D.H.S. , et al., | |
| Respondents. | |

This matter is before the court on the 28 U.S.C. § 2241 habeas corpus petition of Carlos Penafiel-Falcon ("Petitioner"), proceeding *pro se*. He seeks an Order for supervised release from Department of Homeland Security ("DHS") immigration detention or minimal bail pending resolution of his Ninth Circuit appeal of the DHS Immigration and Customs Enforcement's ("ICE") determination he is removable as an aggravated felon. For the reasons discussed below, the Petition is **DENIED.**

## I.   BACKGROUND

Petitioner is a native and citizen of Peru who has been in the United States since 1983, with an adjusted status of immigrant since about 1992. Pet. p. 1. On July 29, 2004, he was convicted following his guilty plea of second degree burglary under CAL. PENAL CODE §§ 459-460(b). He acknowledged in his July 29, 2004 Guilty Plea form: the **total penalty** for his violation of the Penal Code § 459(b) (burglary) charge was **3 years**; by pleading guilty to the "felony charge" he understood he would be granted **a term of 3-years probation** and that if he violated his probation, **"the court may send me to the penitentiary for a maximum of 3 years on this** case." From the transcript of the plea hearing, it is clear the court placed him "on three years of supervised probation," a decision that expressly -- and merely -- "suspended" imposition of his sentence. Traverse Exh. D-10.

1

1

2

3

4

> THE COURT:  I'll accept your plea.  Find that it was knowing, voluntary and intelligent and that a factual basis exists.  Hearing no legal cause, **the imposition of sentence is *suspended***.  You're placed on three years of supervised probation.  You are to serve 90 days in the county jail.  You'll receive credit for 22 days.  Pay restitution fine of $200. . . . ¶  **Should you violate probation, should you go to state prison** [to serve the suspended sentence]. . . .

5   Traverse Exh. D-10, D-11.

6          Petitioner provides an Abstract of Judgment dated March 2, 2005 and filed March 5, 2005.

7   Traverse Exh. F.  The "Abstract Of Judgment - Prison Commitment - Determinate" substantiates a

8   determinate sentence of one year four months was imposed and ordered executed "after revocation of

9   probation," with Petitioner remanded to the sheriff's custody. Traverse Exh. F-13, F-14.  Nevertheless,

10  he argues "his plea agreement demonstrates that the sentence imposed was ninety (90) days, with three

11  (3) years probation," challenging the Abstract of Judgment as "wrong" ( Pet. pp. 10-11), warranting

12  habeas relief while the Ninth Circuit decides his removal appeal.

13         In a May 12, 2005 Notice To Appear, the DHS/ICE charged Petitioner with removability

14  pursuant to the Immigration and Naturalization Act ("INA") § 101(a)(43)(G),[1] 8 U.S.C. §

15  1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony based on his July 29, 2004 conviction

16  for second degree burglary.  Ret. Ex. A.  He was paroled into DHS custody in May 2005.  He provides

17  excerpts from the transcript of his October 4, 2005 Removal Proceedings, where he was represented

18  by counsel.  The Immigration Judge (" IJ") denied his application for cancellation of removal  and

19  ordered him removed to Peru.  Ret. Exh. D.  In conducting the hearing, the IJ addressed as a disputed

20  issue the aggravated felony ground of deportability, entertaining arguments in addition to briefs on that

21  question.  Pet. Exh. B-4.  Using the "modified categorical approach" described below, the IJ ruled the

22  burglary conviction was for an aggravated felony, and sustained that ground of deportability.[2]  Pet.

23  Exh. B-11, B-14 ("Well, sir, at this time I'll sustain the aggravated felony charge, deny the application

24  for cancellation of removal, order you removed from the United States to Peru as charged by the

25

26      [1]  "(a) As used in this chapter -- ... (43) The term 'aggravated felony' means ... (G) a theft offense ... or burglary offense for which the term of imprisonment [is] at least one year ...."  8 U.S.C. § 1101, Definitions.

27

28      [2]  The IJ also considered Petitioner's October 2003 grand theft conviction.  Pet. Exh. B-11, B-12; *see* Ret. 2:4-6, Exh. B. "So, it is the Court's assessment that you do have two aggravated felony convictions of record," and the "charge of deportability is sustained at this time." Pet. Exh. B-12.

Department of Homeland Security").  Petitioner alleges the IJ violated his due process rights by ordering him removed on the strength of that classification of the burglary conviction.

On October 24, 2005, Petitioner appealed the result to the Board of Immigration Appeals ("BIA").  Ret. Exh. E.  On February 7, 2006, the BIA denied his appeal.  Ret. Exh. F.  The BIA affirmed the IJ's decision that the second degree burglary conviction was an aggravated felony as defined in INA § 101(a)(43)G) and found the IJ properly relied on the Abstract of Judgment in determining Petitioner had admitted and pleaded guilty to all elements in the charging document for that offense, rendering him ineligible for cancellation of removal.  Pet. Exh. C; Pet. Exh. F (Petitioner's Abstract of Judgment records the imprisonment "*time imposed*" as one year and four months).

On February 17, 2006, Petitioner filed a Petition For Review and Motion For Stay Of Removal with the Ninth Circuit Court of Appeals.  Ret. Exh. G.  On February 22, 2006, the ICE sought travel documents from the Peruvian consulate and notified Petitioner of the post-removal-Order custody review procedures.  Ret. Exhs. H, I.  On June 12, 2006, the ICE notified him of its intention to continue his detention, for failure to demonstrate that he did not pose a flight risk.  Ret. Exh. J.  On August 24, 2006, Petitioner filed for habeas relief in the form of an Order from this court granting supervised release or bail pending the result of his Petition For Review in the Ninth Circuit.

Petitioner relies on his central legal premise:  his second degree burglary conviction should not qualify as an aggravated felony, and therefore it cannot support his detention, because his sentence was for less than one year.  He represents he received 90 days *confinement* only, even though the Abstract of Judgment reflects a *sentence* of one year and four months was imposed after he violated probation.

The government's Return urges denial of the Petition on grounds:  Petitioner extended his own period of detention by seeking extensions before the BIA and the Ninth Circuit; he is an aggravated felon, contrary to his arguments, and therefore subject to mandatory detention, *citing* 8 U.S.C. §§ 1226, 1231; he failed to exhaust his administrative remedies because he never sought a bond hearing before an IJ as required by 8 C.F.R. §§ 1003.19, 1236.1(d) before seeking this habeas relief; and the six-month period of post-removal detention considered "presumptively reasonable" does not mean that every alien not removed after six months' detention must be released.  *See* Zadvydas, 533 U.S. at 701.  "To the contrary, an alien may be held in confinement until it has been determined that there is no

3

significant likelihood of removal in the reasonably foreseeable future." Id. at 701; *see also* Clark, 543 U.S. at 378; Ret. pp. 3-7. "[C]ourts have frequently held that litigation efforts that stymie removal efforts serve to toll the permissible detention periods set forth in Zadvydas."[3] Ret. 7:22-23, pp. 7-8, *citing, inter alia,* Lawrence v. Gonzales, 446 F.3d 221, 226-27 (1st Cir. 2006). Respondent represents "the only factor that prevents the government from implementing Petitioner's removal is the stay of removal granted by the Ninth Circuit."[4] Ret. 7:15-16.

## II.    DISCUSSION

### A.    Detention Of Aliens Ordered Removed

Detention of aliens who are considered removable by reason of having committed any offense covered by 8 U.S.C. § 1227(a)(2)(A)(iii) is mandatory.[5]  8 U.S.C. § 1226(c)(1)(B); *see* Ret. Exh. F. After an alien has been ordered removed, DHS must attempt to effectuate the removal within ninety days. 8 U.S.C. § 1231(a)(1)(A) (defining "removal period").  During the removal period, the alien must be held in custody. 8 U.S.C. § 1231(a)(2).  The DHS has discretion to release aliens after the initial ninety-day removal period, subject to bond and other supervisory conditions.  8 U.S.C. § 1231(a)(3); 8 C.F.R. § 241.4; 8 C.F.R. § 241.13; Zadvydas v. Davis, 533 U.S. 678, 696 (2001) (observing "[t]he choice . . . is not between imprisonment and the alien 'living at large' . . . [but rather] is between imprisonment and supervision under release conditions that may not be violated").   The DHS may continue to detain certain classes of aliens, in particular those who have been convicted of certain criminal offenses. Zadvydas, 533 U.S. at 688-89.  The "presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months." Clark v. Martinez, 543 U.S. 371, 378 (2005); Zadvydas, 533 U.S. at 701.  Beyond six-months, "an alien may

---

[3]   Respondent also contends Petitioner has shown his removal is unlikely in the forseeable future because he is subject to mandatory detention as an alien convicted of an aggravated felony, and the government may detain aliens for as long as is "reasonably necessary" to effectuate their removal.  In these circumstances, Respondent contends Petitioner's continued ICE custody does not violate the holdings in Zadvydas and Clark.

[4]   Alternatively, had the court granted the Petition, the government sought imposition of a bond and authority to prescribe other appropriate conditions of release and terms of supervision. Ret. p. 9.

[5]   "(a) Classes of deportable aliens. Any alien (including an alien crewman) in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens; . . .(2) Criminal offenses. (A) General crimes. . . .(iii) Aggravated felony. . . ." 8 U.S.C. § 1227.

4

be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701; Clark, 543 U.S. at 378; " Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003) (the "burden [is] on the alien to show, after a detention of six months, that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future") (citation omitted).  This Petitioner is under a stay of removal ordered by the Ninth Circuit at his request while it reviews his appeal filed there.

**B.    Exhaustion Of Remedies**

As a threshold matter, Respondent represents Petitioner sought no bond hearing before an IJ, and has therefore not exhausted his administrative remedies with respect to the type of conditional release he seeks here, warranting denial of the Petition. Ret. 5:11-6:3; *see* Ret. Exh. A, p. 4.

> District courts are authorized by 28 U.S.C. § 2241 to consider petitions for habeas corpus.  That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. However, we require, as a prudential matter, that petitioners exhaust available judicial and administrative remedies before seeking relief under section 2241.

Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by* Fernandez-Vargas v. Gonzales, -- U.S. --, 126 S.Ct. 2422 (U.S. Jun. 22, 2006).

Petitioner's Traverse does not address the exhaustion requirement nor refute Respondents' argument the court must deny the Petition on that ground.  *See* Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004) ("lower courts are . . . not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived").  Although Petitioner appears not to have exhausted his administrative remedies with respect to release on bond pending review Respondent represents is an option available to him, warranting dismissal of the Petition on that ground alone, even were the court to reach his contention his prior burglary conviction was erroneously characterized as a felony, that argument is without merit and his detention is not unlawful.

**C.    Petitioner's Detention Is Not Unlawful**

**1.    Petitioner Is Not Entitled To Release Or Bail**

Primarily on the strength of his sentencing argument, Petitioner contends he has been denied due process because the DHS has allegedly failed to prove by clear and convincing evidence he is removable, purportedly entitling him to immediate release.   He alleges his incarceration is

5

1    unconstitutional as a deprivation of his liberty while he is "forced to wait and appeal to the federal

2    courts for relief." Pet. pp.6-7.  He represents he has not yet entered his 90-day removal period under

3    8 U.S.C. § 1231(a) because the Ninth Circuit has stayed his removal pending the outcome of his

4    Petition For Review, a stay he himself requested.  He suggests he meets the criteria for setting bail

5    while awaiting a final decision regarding removal, citing, *inter alia*, Tam v. INS, 14 F.Supp.2d 1184

6    (E.D.Cal. 1998).  However, "[b]ail pending a decision in a habeas case is reserved for extraordinary

7    cases involving special circumstances or a high probability of success." Land v. Deeds, 878 F.2d 318

8    (9th Cir. 1989); *see also* Landano v. Rafferty, 970 F.2d 1230, 1239 (3rd Cir. 1992) (bail is appropriate

9    in such instances "only when the Petitioner has raised a substantial constitutional claim upon which

10   he has a high probability of success, and also when extraordinary or exceptional circumstances exist

11   which make the grant of bail necessary to make the habeas remedy effective") (citation omitted).

12        Petitioner insists the ICE will not be able to prove his 2004 second degree burglary was an

13   aggravated felony qualifying him as removable on the basis of that conviction.  For the reasons

14   discussed below, the court finds that argument is meritless, and he has thus not "raised a substantial

15   constitutional claim upon which he has a high probability of success," nor any "exceptional

16   circumstances," defeating his bail or bond argument, even if he had administratively exhausted his

17   request for conditional release while he awaits the Ninth Circuit's determination of his removability.

18        ## 2.    Petitioner's Prior Burglary Conviction Must Be Construed As A Felony

19        Petitioner does not dispute that if his second degree burglary conviction qualifies as an

20   aggravated felony, he has not made a case for habeas relief.  Under 8 U.S.C. § 1101(a)(43)(G), an

21   "aggravated felony" includes a burglary offense carrying a term of imprisonment of at least one year.

22        "[T]he term 'burglary' as used in 8 U.S.C. § 1101(a)(43)(G), has
     a uniform definition independent of the labels used by state codes . . . --
23   the unlawful or unprivileged entry into, or remaining in, a building or
     structure, with intent to commit a crime." Ye v. INS, 214 F.3d 1128,
24   1132 (9th Cir. 2000) (adopting definition of burglary from Taylor v.
     United States, 495 U.S. 575, 598-99 [...] (1990)).  In assessing whether
25   a person's conviction satisfies this generic definition, we do not
     examine the particulars of the burglary committed.  [U.S. v.] Rivera-
26   Sanchez, 247 F.3d at 907.[6].  Rather, we " 'look only to the fact of
     conviction and the statutory definition of the prior offense.' " Id. at 907-

27

28        [6] U.S. v. Rivera -Sanchez, 247 F.3d 905 (9th Cir. 2001), *superseded on other grounds by* U.S.S.G. §
     2L1.2, cmt n.4 (2002), *as noted in* U.S. v. Navaez-Gomez, 489 F.3d 970, 977 (9th Cir. 2007).

08 (quoting Taylor, 495 U.S. at 602 [...]. In cases where the state statute accords with the Taylor/Ye definition of burglary, the mere fact of conviction under that statute justifies treating the burglary as an aggravated felony and imposing a sentencing enhancement.[7]

U.S. v. Velasco-Medina, 305 F.3d 839, 851 (9th Cir. 2002).

In Taylor, the United States Supreme Court defined "burglary" as it is to be applied in the sentence enhancement statute, adopting a "contemporary meaning" and opining "Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most States."[8]

Taylor, 495 U.S. at 598. The analytical approach is categorical:

> The Courts of Appeal uniformly have held that [the sentence enhancement statute] mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions. . . . Although the exact formulations vary, the generic, **contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.**

Id. at 600 (emphasis added).

"We conclude that a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having [those] basic elements . . . ." Id. at 599, 602 ("We therefore hold that an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper" and other documentation factually show the establishment of "all elements of generic burglary in order to convict the defendant"). The definition for sentence enhancement purposes articulated in Taylor has been adopted for analysis of predicate offenses in the immigration context as well. Ye v. INS, 214 F.3d 1128, 1132 (9th Cir. 2000) (as "burglary" is undefined in the INA, the BIA applies the generic definition of "burglary" found in Taylor, i.e., (1) an unlawful or unprivileged entry into, or remaining

---

[7]   "Where, however, the state statute reaches both conduct that would constitute a burglary under Taylor/Ye, and conduct that would not, we may look beyond the statutory language to 'documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes" . . . .[I]f the statute and the judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense by the guidelines, then the conviction does not qualify as a predicate offense." Velasco-Medina, 305 F.3d at 851, quoting Rivera-Sanchez, 247 F.3d at 908. The language of Petitioner's guilty plea accords with the Taylor/Ye generic definition of "burglary."

[8]   "Though Taylor addressed the sufficiency of convictions resulting from a jury conviction, it is well-accepted that the same analysis applies when the defendant has pleaded guilty." Velasco-Medina, 305 at 851 n.6, citing U.S. v. Bonat, 106 F.3d 1472, 1476 (9th Cir. 1997).

1    in, (2) a building or structure, with (3) intent to commit a crime), *citing* <u>Taylor</u>, 495 U.S. at 598; *see*

2    <u>Chang v. INS</u>, 307 F.3d 1185, 1189 (9th Cir. 2002).

3        Cal. Penal Code § 459 provides, in pertinent part:  "Every person who enters any house,

4    room, apartment, tenement, shop, warehouse, store, or other building . . . with intent to commit grand

5    or petit larceny or any felony is guilty of burglary."  The Ninth Circuit has held that section "is far too

6    sweeping to satisfy the <u>Taylor</u> definition of generic burglary." <u>U.S. v. Franklin</u>, 235 F.3d 1165, 1169,

7    1170 n.5 (9th Cir. 2000) (finding it permissible to consider charging papers and signed plea

8    agreements to confirm whether the burglary at issues qualifies as an aggravated felony).  California's

9    definition of burglary is broader than <u>Taylor</u>'s generic definition because the offender need not have

10    made an "unlawful" entry but rather may be punished for any entry into the designated locations with

11    intent to commit larceny or any felony.  <u>Id.</u>  Thus, the California statute can be violated in ways that

12    qualify as aggravated felonies and in ways that do not, requiring a "modified categorical approach" to

13    the determination.  <u>Chang</u>, 307 F.3d at 1189 ("Under the modified categorical approach, we conduct

14    a limited examination of documents in the record to determine if there is sufficient evidence to

15    conclude that a defendant was convicted of the elements of the generically defined crime even though

16    his or her statute was facially over-inclusive") (citations omitted).  The analysis is guided by two

17    considerations:  "avoiding an inquiry into the underlying facts of the defendant's prior conviction, and

18    relying on documentation that clearly establishes a conviction based on all of the generic elements of

19    the underlying offense." <u>Velasco-Medina</u>, 305 F.3d at 851, 852-53, *citing* <u>Franklin</u>, 235 F.3d at 1170.

20        "Where the prior conviction was based on a guilty plea, the sentencing court's review is limited

21    'to those documents made or used in adjudicating guilt' such as 'the terms of the charging document,

22    the terms of a plea agreement or [the] transcript of [the] colloquy between the judge and defendant in

23    which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial

24    record of this information.' " <u>U.S. v. Narvaez-Gomez</u>, 489 F.3d 970, 977 (9th Cir. 2007), *quoting* <u>U.S.</u>

25    <u>v. Martinez-Martinez</u>, 468 F.3d 604, 606-07 (9th Cir. 2006).  This court considers Petitioner's

26    conviction and sentencing record presented to determine "whether other documentation clearly

27    establishes that [Petitioner's] underlying burglary conviction involved the requisite elements of generic

28    burglary." <u>Velasco-Medina</u>, 305 F.3d  at 851, 852 (holding a guilty plea to a charge of unlawfully

1    entering a drug store with the intent to commit larceny satisfies <u>Taylor</u>'s definition of burglary). If so,

2    the conviction is construed as one for an aggravated felony offense.

3        A guilty plea "conclusively proves the factual allegations contained in the indictment." <u>U.S.

4    v. Williams</u>, 47 F.3d 993, 995 (9th Cir. 1995) (citation omitted); *see* <u>U.S. v. Bonat</u>, 106 F.3d 1472,

5    1476, 1477-78 ("Even if we agreed with Bonat that the district court only relied on the charging

6    document, we would affirm because the Judgment on Plea of Guilty shows that Bonat did in fact pled

7    guilty to second degree burglary as charged in the Information, and the Information included all the

8    elements of generic burglary").  The charging papers and the Abstract of Judgment are properly

9    considered and together may furnish sufficient proof a defendant was convicted of all the elements of

10   a generic burglary, even if the Abstract of Judgment alone may not be sufficient in itself. *See* <u>Velasco-

11   Medina</u>, 305 F.3d at 851-52.  Not only are those documents before the court in this case through

12   Petitioner's own exhibits, but the Abstract of Judgment alone is sufficient to defeat this Petitioner's

13   contentions he was not sentenced for a felony, despite his protestations to the contrary.[9]

14        In particular, the Petition Exhibit E is a transcript of Petitioner's July 29, 2004 change of plea

15   hearing.  In pertinent part, the transcript substantiates Petitioner understood by pleading guilty, he

16   could be sentenced up to three years in state prison.  The guilty plea was accepted, and the court

17   "suspended imposition of sentence," placing him on three years of supervised probation and ordering

18   him to serve 90 days in the county jail, with certain other conditions.  Pet. Exh. E-24.  Petitioner

19   appears to confuse the time he was ordered to serve in county jail at the time he was placed on

20   probation with the duration of his sentence.  The court actually concluded: **"Should you violate

21   probation,** *should you go to state prison*, in the event that should occur, upon release from prison,

22   you would be on parole for three years **subject to being reincarcerated** up to one year for any

23   violation of parole, **making the total time that you might be on parole and reincarceration four

24   years**." Pet. Exh. E-25 (emphasis added).  Petitioner completely ignores his March 2, 2005 Abstract

25
26        [9]  He argues: "On July 29, 2004, Petitioner received three years probation and a suspension of the imposition of sentence with 90 days in Orange County Jail [for his conviction on guilty plea of second degree burglary].  He did not receive 16 months for the conviction.  Any subsequent time received must include the basis for the time, as well as the date ordered, etc. The NTA [Notice To Appear] issued by the government on
27   May 5, 2005 charging him with an Order of Removal pursuant to INA section 237(a)(2)(A)(iii) (conviction of an aggravated felony as defined in INA section 101(a)(43)(G)] fails to properly state the offense and time
28   received for the offense." Traverse 10:8-11, 7:1-16.

1    of Judgment substantiating a determinate sentence of one year four months was ordered executed "after

2    revocation of probation" when he was remanded to the sheriff's custody.  Traverse Exh. F-14.

3         The court arrives at the same result on the dispositive issue whether Petitioner's prior

4    conviction under CAL. PENAL CODE § 459 was a felony or a misdemeanor by examining the question

5    on purely legal grounds.  He concedes burglary of a structure such as his offense "may be an

6    aggravated felony when one year or more is imposed." Traverse 10:24-25, *citing* INA § 101(a)(43)(G).

7    He attempts to distinguish his crime from a burglary qualifying for aggravated felony characterization

8    in the immigration context not only based on his sentence argument but also by parsing CAL. PENAL

9    CODE §§ 459, 460 and arguing for fine definitional distinctions.  *See* Traverse pp. 10- 14.  He contends

10   on those bases "he is not subject to removal per INA § 101(a)(43)(G)," and should therefore be

11   immediately released from custody.  Traverse 15:3-14.  The court rejects his arguments.

12        Burglary under California law may be either in the first degree, punishable by imprisonment

13   in the state prison for two, four, or six years, or in the second degree, punishable by imprisonment in

14   the county jail not exceeding one year or in  the state prison.  CAL. PENAL CODE § 461.  Burglary is

15   thus a "wobbler" offense, *i.e.*, one that can be either a felony or a misdemeanor depending on the

16   sentence.  "When a crime is punishable, in the discretion of the court, by imprisonment in state prison

17   or by fine and imprisonment in the county jail, it is a misdemeanor for all purposes under the following

18   circumstances:  (1)  After a judgment imposing a punishment other than imprisonment in the state

19   prison . . . (3) When the court grants probation to a defendant without imposition of sentence and at

20   that time of granting probation, or on application of the defendant or probation officer thereafter, the

21   court **declares** the offense to be a misdemeanor. . . ."  CAL. PENAL CODE § 17(b) (emphasis added).

22   In all other circumstances (including Petitioner's), the crime is a felony.

23        As a matter of California law, conviction of a wobbler is presumptively "regarded as a felony

24   for every purpose until judgment."[10]   United States v. Robinson, 967 F.2d 287, 293 (9th Cir. 1992),

25

26        [10]   The Robinson issue was whether a California conviction for battery of a police officer, a wobbler,
27   was a "crime of violence" within the Sentencing Guidelines.  Robinson, 967 F.2d 287. The district court
     suspended imposition of sentence and placed the defendant on three years probation, subject to serving the first
28   nine months in jail.  Id. at 292.  The Ninth Circuit addressed the question whether the sentence rendered the
     conviction a felony or a misdemeanor, recognizing the conviction could become a misdemeanor at sentencing
     if the court "impos[es] a punishment other than imprisonment in state prison," or if the court grants probation

1  *citing* People v. Banks, 53 Cal.2d 370, 387, 375-76 (1959) ("by pleading guilty [to a wobbler offense]

2  the defendant acquired the status -- not then final, and conditionally subject to expungement but

3  nevertheless existing -- of a person convicted of a felony").   A sentence of probation is not a

4  "judgment" as a matter of California law.  *See* People v. Howard, 16 Cal.4th 1081, 1092 (1997)

5  ("Probation is neither 'punishment' . . . nor a criminal "judgment" . . . .  Instead, courts deem probation

6  an act of clemency in lieu of punishment. . . and its primary purpose is rehabilitative in nature");

7  People v. Smith, 195 Cal.App.2d 735, 737 (1961) ("the order placing a defendant on probation is not

8  a judgment and sentence") (citation omitted); *see also* United States v. Qualls, 172 F.3d 1136, 1137

9  (9th Cir. 1999) (initial probation was not a "judgment imposing punishment other than imprisonment

10  in the state prison") (citation omitted).  In this case, the court ***suspended*** the imposition of Petitioner's

11  sentence in pronouncing the sentence, and in such circumstances, "no judgment is then pending against

12  the probationer, who is subject only to the terms and conditions of the probation." Howard, 16 Cal.4th

13  at 1087.  In consideration of those circumstances, this Petitioner's conviction would have retained its

14  presumptive status as a felony, even if the Abstract of his Judgment did not conclusively establish the

15  felony nature of the crime.  *See, e.g.*, Banks, 53 Cal.2d at 372 (wobbler conviction regarded as felony

16  where imposition of sentence was suspended and defendant was placed on probation, even where

17  probation was completed without violation ); People v. Esparza, 253 Cal.App.2d 362, 364-65 (1967)

18  ("It is settled that where the offense is alternatively a felony or a misdemeanor (depending upon the

19  sentence), and the court suspends the pronouncement of judgment or imposition of sentence and grants

20  probation, the offense is regarded as a felony for all purposes until judgment or sentence and if no

21  judgment is pronounced it remains a felony ").

22      Under this authority, this Petitioner at all times since his guilty plea "stood convicted of a

23  felony for all purpose." Id. at 365.  The sentencing court in Petitioner's case neither "declare[d] the

24  offense to be a misdemeanor at the time of granting probation" nor did it do so "on application of the

25  defendant or the probation officer thereafter." People v. Wood, 62 Cal.App.4th 1262, 1267 (1998)

26  _____

27  and at the same time "declares the offense to be a misdemeanor." Id. at 293, *citing* CAL. PENAL CODE §§
    17(b)(1),(3).  The reviewing court upheld Robinson's prior conviction as a felony those statutory requirements
    were not met. Id. at 293; *see also* Garcia-Lopez v. Ashcroft, 334 F.3d 840, 844 (9th Cir. 2003) ("a suspended

28  sentence on a wobbler is treated as a felony for purposes of the Sentencing Guidelines when there is no
    subsequent action by the state court to designate the offense as a misdemeanor").

("Imposition of a prison term, whether or not suspended, rendered the offense a felony").  Any rule of construction that a reduction from felony to misdemeanor can occur automatically is precluded by the statutory discretion lodged with the trial court.  *See* <u>People v. Alvarez</u>, 14 Cal.4th 968, 977 (1997); <u>Coffey v. Superior Court</u>, 129 Cal.App.4th 809, 820 (2005) (felony status of wobbler "remains until the charge is in fact reduced to a misdemeanor").

## III.   CONCLUSION AND ORDER

In summary, this Petitioner expressly acknowledged he was pleading guilty on July 29, 2004 to a "felony charge," and he understood "the court may send me to the penitentiary for a maximum of three years" based on the facts he admitted and his guilty plea.  Travers Exh. C.  The requirements of CAL. PENAL CODE §§ 17(b)(1) and (3) were not met, so his wobbler conviction for burglary must be construed as a felony, even before Judgment was entered imposing a determinate prison sentence exceeding one year following revocation of his probation.  Petitioner has not demonstrated entitlement to 28 U.S.C. § 2241 habeas relief pending the Ninth Circuit's ruling on the appeal of his removal Order.  He appears not to have exhausted his administrative remedies with respect to the conditional release requested.  His continued detention is the result of his own legal challenges to the immigration proceedings and request for stay of removal associated with his appeal.  This court is not persuaded of his likelihood for success on the merits of his appeal, nor does it find he has demonstrated any illegality or unconstitutionality in his detention during the interim.  There is a significant likelihood of his removal in the foreseeable future in consideration of the length of time his appeal has already been pending.  For all the foregoing reasons, **IT IS HEREBY ORDERED** Petitioner's 28 U.S.C. § 2241 Petition For Release Pending Resolution Of Petition For Review is **<u>DENIED</u>**.  The Clerk of Court shall dismiss this action in its entirety.

**IT IS SO ORDERED**.

DATED:  September 6, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge